UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FRANCISCO MENDOZA MENDEZ, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | No. 2:17-cv-00332 AC <br><br><br> ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on November 13, 2012 alleging a disability onset date of August 5, 2012. Administrative Record ("AR") 12.[2] The application was disapproved initially, (AR 91-95), and on reconsideration, (AR 97-102). On July 29, 2015 ALJ William Sharp presided over hearings on plaintiff's challenge to the disapprovals. AR 27-56 (transcript). Plaintiff was present via videoconference and testified at the hearing with the assistance of a Spanish-language interpreter. AR 12. He was represented by attorney Robert Ishikawa at the hearing. Id. Cheryl R. Chandler, an impartial vocational expert ("VE"), also testified at the hearing. Id.

On September 25, 2015, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 12-22 (decision), 23-26 (exhibits). On December 13, 2016, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-4 (decision).

Plaintiff filed this action on February 15, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 20 (plaintiff's summary judgment motion), 28 (Commissioner's summary judgment motion), 29 (plaintiff's response).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1964, and accordingly was 48 years old when he filed his application. AR 21. Plaintiff has a limited education and is able to communicate in English. Id.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the

---
[2] The AR is electronically filed at ECF Nos. 11-3 to 11-13(AR 1 to AR 592).

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Comm'r., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400

3

F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a. Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis,

the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since November 13, 2012, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following medically determinable and severe impairments: major depressive disorder; post-traumatic stress disorder (PTSD); and cognitive disorder with status post concussion (20 CFR 416.920(c)).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4]  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to: lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently; stand or walk 6 hours in an 8-hour workday with normal breaks; and sit for 6 hours in an 8-hour workday with normal breaks. [Footnote text: "Occasionally" means that the activity or condition exists from very little up to 1/3 of the time, "frequently" means the activity or condition exists from 1/3 to 2/3 of the time, and "constantly" means the activity or condition exists 2/3 or more of the time. *See, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, at Appendix C-3 (U.S. Department of Labor, Employment and Training Administration 1993).] The work is limited to only occasionally understanding, remembering, and carrying out detailed and complex instructions with frequent but not constant contact with the public and co-workers with the ability to frequently, but not constantly maintain attention, persistence, and pace. Additionally, the work may not include exposure to extreme heat.
>
> 5. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born [in 1964] and was 48-years-old, which is defined as a younger individual age 18-49, on the date the application was filed.  He subsequently changed age category to closely approaching advanced age (20 CFR 416.963).
>
> 7. [Step 5, continued] The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CF'R 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since November 13, 2012, the date the application was filed (20 CFR 416.920(g)).

AR 14-22.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 22.

## VI. ANALYSIS

### A. The ALJ Erred at Step Five

Plaintiff alleges the ALJ erred because his decision at Step Five was not supported by substantial evidence. ECF No. 20 at 11. Specifically, plaintiff contends that his limitation to "*occasionally* understanding, remembering, and carrying out detailed and complex instructions..." is inconsistent with the ALJ's finding that plaintiff can work as information clerk (DOT 237.367-018) or as a sales attendant (DOT 299.677-010) because these positions contain, at a minimum, a DOT "Level 3" reasoning requirement. ECF No. 20 at 12-14 (emphasis added). The undersigned agrees.

The Ninth Circuit has found, in no uncertain terms, that "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." Zavalin v. Colvin, 778 F.3d 842, 847 (9th Cir. 2015). In so finding, the Ninth Circuit compared the definitions of Level 2 and Level 3 reasoning side-by-side as follows:

> LEVEL 2
>
> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

6

LEVEL 3

> Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

Zavalin, 778 F.3d at 847 (9th Cir. 2015). Other courts have found that a limitation to simple tasks with the occasional ability to remember "more detailed or complex instructions" is inconsistent with Level 3 reasoning. Ferguson v. Colvin, No. 3:15-CV-01532-SU, 2016 WL 7042076, at *6 (D. Or. Dec. 2, 2016). The *occasional* ability to perform with detailed or complex instructions is "not consistent with jobs which *regularly* present 'problems involving several' variables. Id. The undersigned finds this reasoning to be sound and consistent with the Ninth Circuit's mandate in Zavalin.

In this case, the VE was posed several hypotheticals by the ALJ. The second hypothetical (hypothetical two) asked whether plaintiff's past relevant work could be performed by a person of plaintiff's age, education and skill level who could do less than a full range of light work, with limitations including "no exposure to extreme heat, can *occasionally* complete detailed and complex instructions, frequently has the ability to maintain regular attendance in the work place, and perform work . . . in the work place consistently[,] [f]requent ability to relate to and interact with workers and the public, and frequent ability to maintains concentration, attention, persistence and pace." AR 49-50 (emphasis added). The VE testified that such a person could perform past relevant work as a clergy person. AR 50. The VE later commented that "clergy" may not be a good example of work such a person could perform because it is "industry-specific," and noted that such a person could do a "light, unskilled" job. AR 54-55. When asked to provide two examples, the VE cited to "information clerk" and "sales attendant." AR 55. The sales attendant position, the lower skill level of the two cited by the VE, requires a "reasoning level 3" pursuant to the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, at Appendix C-3 (U.S. Department of Labor, Employment and Training Administration 1993).

By the DOT's definition, specifically cited by the ALJ, plaintiff is limited in his RFC to

7

following "detailed and complex instructions" anywhere from "very little [time to] up to 1/3 of the time" during the workday. AR 18, n1. The ALJ did not put this limitation into the more common phraseology of a "simple and routine work tasks" or "simple repetitive tasks." Nonetheless, limiting the ability to carry out detailed and complex instructions to only "occasionally" renders a similar result: the individual is limited to simple tasks except they can, anywhere from "very little" of the time up to 1/3 of the workday, carry out "detailed and complex instructions." The undersigned finds, as in <u>Ferguson,</u> that the ability to "occasionally" carry out detailed and complex instructions is inconsistent with jobs containing a Level 3 or higher reasoning requirement because such jobs regularly require the ability to carry out detailed and complex instructions.

B. <u>Remand is The Appropriate Remedy</u>

As discussed above, the ALJ erred at Step Five by stating plaintiff could perform work that is actually inconsistent with the RFC he assigned to plaintiff. That error was not harmless, because if the two jobs the ALJ relied on to support his finding that plaintiff can perform work existing in the national economy are actually not available to plaintiff, it is unclear whether or not any work is available to plaintiff, and this may impact the ultimate finding of disability.

Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" <u>Treichler v. Soc. Sec. Admin.</u>, 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004).

Here, further factual development is needed to determine whether positions are available in the national economy compatible with plaintiff's RFC. For these reasons, the matter is reversed and remanded to the Commissioner for further factual development.

VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 20), is GRANTED;

8

2. The Commissioner's cross-motion for summary judgment (ECF No. 28), is DENIED;

3. The matter is REMANDED to the Commissioner for further proceedings; and

3. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

SO ORDERED.

DATED: April 23, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE